Krista S. Robinson, No. 030868
Joel M. Mueller, No. 029002
ROBINSON MUELLER, PLLC
202 E. Earll Drive
Suite 490
Phoenix, Arizona 85012
Telephone: (602) 885-2627
krobinson@robinsonmueller.com
jmueller@robinsonmueller.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anh Luong, | ) No. |
| Plaintiff, | ) |
| vs. | ) **CIVIL COMPLAINT AND** |
| | ) **DEMAND FOR JURY TRIAL** |
| Wal-Mart Stores, Inc. | ) |
| Defendant. | ) |

Plaintiff Anh Luong ("Plaintiff"), for his Complaint against Defendant Wal-Mart Stores, Inc. ("Defendant"), alleges the following:

## NATURE OF THE ACTION

This is an action seeking to redress 1) discrimination under Title I and Title V of the Americans with Disabilities Act of 1990; 2) retaliation under Title I and Title V of the Americans with Disabilities Act of 1990; 3) the tort of wrongful termination in violation of public policy, A.R.S. §23-1501(a)(3)(c)(iii); and 4) the tort of wrongful termination in violation of public policy, A.R.S. §23-1501(a)(3)(c)(ii).

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the federal question raised in this Complaint under 28 U.S.C. §1331 and 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5(f)(3)). This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 (the "ADA"). This court has supplemental jurisdiction over the state law claims raised in this Complaint under 28 U.S.C. §1367(a).

2. The unlawful employment practices herein were being committed within the jurisdiction of the United States District Court for the District of Arizona.

3. Defendant resides within the jurisdiction of the United States District Court for the District of Arizona. Therefore, venue is proper under 28 U.S.C. §1391(b).

4. All conditions precedent to jurisdiction under 42 U.S.C. §2000e-5(f)(3) have occurred or been complied with, to wit:

    a. Charge of Discrimination ("Charge") No. 540-2019-00879 was filed with the U.S. Equal Employment Opportunity Commission ("EEOC") within three hundred (300) days of the commission of the adverse employment practice under the ADA. EEOC Notice of Suit Rights letter was mailed by the EEOC on February 21, 2019; and

    b. This Complaint has been filed within 90 days from the date of receipt of the Notice of Right to Sue letter.

## FACTS COMMON TO ALL COUNTS

4. In October 2016, Plaintiff was hired as a Staff Pharmacist at Defendant's Store 5342.

5. In February 2017, Plaintiff voluntarily transferred to Defendant's Store 4337 (the "Store").

6. In or around December 2017, Plaintiff complained to his supervisor, Pharmacist in Charge Christopher Martin ("PIC Martin") about the Store's practice of reselling prescription refrigeration items that were left unrefrigerated on the pickup racks for several days. Plaintiff explained to PIC Martin that he objected to the resale of the item(s) due to unknown safety, stability for re-refrigeration, potency, and duration in which the patient will have to use the item(s).

7. On February 8, 2018, Plaintiff sent a letter to Regional Director Chad Luebeke complaining that PIC Martin changed prescriptions to medications that the pharmacy had in stock without contacting the prescriber. In his complaint, he also expressed concern that PIC Martin was deviating from the drug manufacture's storage recommendations by allowing the refrigerated drug to hang on a pickup rack at room temperature for days and then re-refrigerate the item in order to sell it to another patient.

8. In or around March 2018, Market Health and Wellness Director Wes Campbell ("Director Campbell") interviewed Plaintiff regarding his February 8, 2018 complaint.

9. During the first week of May 2018, Plaintiff was provided with disciplinary action.

10. On or around May 7, 2018, Defendant provided Plaintiff with a second level written coaching.

11. Throughout June, July and August 2018, PIC Martin was absent on a leave of absence. As a result, there were only two (2) full-time pharmacists working at the very busy Store.

12. On or around July 6, 2018, Plaintiff contacted Defendant's scheduler and asked if a third pharmacist could be sent to the Store because his staff was exhausted and they were having difficulty keeping up with the workload. Defendant's scheduler told Plaintiff that Defendant was in the process of hiring two new people and that some candidates had been selected but did not know their start date.

13. Since approximately January 2018, Plaintiff has experienced pain in his left and right wrists. As a result of the heavy workload associated with PIC Martin's absence, in July 2018, Plaintiff started experiencing increased pain and numbness in his wrists.

14. In or around July 2018, Plaintiff emailed Director Campbell asking him what he should do about the pain and numbness in his wrists. Director Campbell was on a leave of absence so Plaintiff contacted Defendant's Nursing Line and explained his symptoms. The Nursing Line recommended that he visit a physician for an evaluation.

15. In the beginning of August, Plaintiff met with a physician who diagnosed him with carpal tunnel syndrome.

16. On or around August 10, 2018, Plaintiff received notice from the Industrial Commission of Arizona ("ICA") that Defendant's insurance carrier had been notified of his workers compensation claim.

17. Around this time, Plaintiff was in serious pain due to the exacerbation of his carpal tunnel syndrome symptoms. On or around August 15, 2018, Plaintiff told Director Campbell that "*he needs help.*"

18. On August 17, 2018, Plaintiff met with Director Campbell and PIC Martin. Towards the beginning of the conversation, Director Campbell asked Plaintiff "*how is your wrist?*" After Plaintiff responded, Director Campbell started reading from a sheet of paper. He told Plaintiff "*there is a change to the company and our store that impacts you personally. As our pharmacy customers and their shopping habits change, we must change too. Technology is helping to empower pharmacy staff to spend less time on paperwork and more time on customers.*" Director Campbell said, "*the demand of hours needed in our pharmacy are changing. The change for you personally is that there is no longer a position available for you.*"

19. During the meeting, Director Campbell told Plaintiff "*this is strictly a business decision and it is no way a negative indication of your performance and the hard work you have done.*"

20. Director Campbell told Plaintiff that his termination is part of a company-wide initiative. Plaintiff said that he has seen posts on Indeed for pharmacists needed by Defendant in the area. Director Campbell responded, "*if there are any positions open, you can apply for those positions.*"

21. Since Plaintiff's termination, there have been several postings for Staff Pharmacist positions with Defendant in cities near the Store. Plaintiff has applied for

approximately twenty pharmacy related positions with Defendant. No position has been offered to Plaintiff.

# COUNT I
## ADA –Discriminatory Discharge

22. Plaintiff re-alleges and incorporates by reference the prior allegations as set forth expressly herein.

23. Plaintiff is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12101 and 12111(8).

24. Plaintiff has impairment resulting from carpal tunnel syndrome in his right and left wrists that substantially limit the major life activities of performing manual tasks and working.

25. In the alternative, Defendant subjected Plaintiff to an adverse employment action - termination, because Defendant regarded Plaintiff of having the actual or perceived impairment of severely diminished motor function.

26. On August 17, 2018, Defendant terminated Plaintiff because of his disability and/or because he had physical limitations requiring reasonable accommodation in violation of 42 U.S.C. §§ 12112(a) and 12112(b)(5)(A).

27. Defendant discriminated against Plaintiff in violation of the ADA by denying Plaintiff's request(s) for a reasonable accommodation, failing to engage in the interactive process and terminating his employment because of his disability.

28. The practices complained of in the paragraphs above deprived Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

29. The unlawful employment practices complained of in the foregoing paragraphs were intentional.

30. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to Plaintiff's federally protected rights.

## COUNT II
## ADA –Retaliatory Discharge

31. Plaintiff re-alleges and incorporates by reference the prior allegations as set forth expressly herein.

32. Plaintiff informed Director Campbell of pain stemming from his disability in or around July 2018.

33. Plaintiff informed Defendant's Nursing Line of pain stemming from his disability in or around July 2018.

34. On or around August 15, 2018, Plaintiff asked Director Campbell for a reasonable accommodation for his disability.

35. On August 17, 2018, Defendant terminated Plaintiff in violation of 42 U.S.C. § 12203(a).

36. The practices complained of in the paragraphs above deprived Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

37. The unlawful employment practices complained of in the foregoing paragraphs were intentional.

38. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to Plaintiff's federally protected rights.

**COUNT III**
**A.R.S. §23-1501(a)(3)(c)(iii) – Wrongful Termination**

39. Plaintiff re-alleges and incorporates by reference the prior allegations as set forth expressly herein.

40. Approximately three (3) weeks after Plaintiff notified Defendant of increased pain in his left and right wrists, he was terminated in violation of A.R.S. §23-1502(3)(c)(iii).

41. Six (6) days after Plaintiff received notice from the Industrial Commission of Arizona that Defendant's insurance carrier had been notified of his workers compensation claim, he was terminated in violation of A.R.S. §23-1502(3)(c)(iii).

42. As a direct and proximate result of Defendant's conduct alleged herein, Plaintiff suffered damages including, *inter alia*, back pay, front pay, fear and stress from worry about how he will be able to support his family, depression, humiliation, embarrassment, a loss of income and a planned career with Defendant which he intended to continue until retirement and loss of friendships he enjoyed with co-workers.

43. Plaintiff is entitled to an award of punitive damages because Defendant's conduct in terminating his employment was done with an evil intent to punish him for notifying Defendant of pain in his left and right wrists and filing a workers compensation claim, and also done with reckless disregard with respect to: (a) Plaintiff's rights as an

ROBINSON MUELLER, PLLC
202 E. Earll Drive., Suite 490
Phoenix, Arizona 85012
(602) 885-2627

employee to file for workers compensation benefits pursuant to A.R.S. §23-801; and (b) compliance with the Arizona Employment Protection Act.

## COUNT IV
### A.R.S. §23-1501(a)(3)(c)(ii) – Wrongful Termination

44. Plaintiff re-alleges and incorporates by reference the prior allegations as set forth expressly herein.

45. In or around December 2017, Plaintiff complained to his supervisor, PIC Martin, that he reasonably believed that Defendant was violating Arizona statutes, including, but not limited to A.R.S. §32-1963(B) as drug(s) were being offered for sale despite falling below the required strength, purity or quality for which they were sold; A.R.S. §32-1965 as drug(s) were altered or adulterated and held for sale; and A.R.S. §32-1966 as the methods, facilities or controls used in holding the drug(s) did not conform to or were not operated or administered in conformity with current good manufacturing practice.

46. On or around February 8, 2018, Plaintiff submitted a complaint to Regional Director Chad Luedeke stating that he reasonably believed that PIC Martin and the Store were violating A.R.S. §32-1963(B), §32-1965, §32-1966 and §32-1970 as PIC Martin and the Store modified drug therapy without the establishment of written drug therapy management protocols prescribed by the provider.

47. In or around March 2018, Director Campbell interviewed Plaintiff regarding the allegations in his February 8, 2018 complaint.

48. Approximately two (2) months after Plaintiff's interview with Director Campbell, during the first week of May 2018, he received disciplinary action.

49. Approximately one week later, on May 7, 2018, Plaintiff received his second disciplinary action.

50. On or around May 7, 2018, Plaintiff complained to Defendant that he reasonably believed that PIC Martin and the Store were violating A.R.S. §32-1963(B), §32-1965, §32-1966 and §32-1970.

51. Approximately three (3) months after Plaintiff's May 7, 2018 complaint, he was terminated in violation of A.R.S. §23-1502(3)(c)(iii).

52. As a direct and proximate result of Defendant's conduct alleged herein, Plaintiff has suffered damages including, *inter alia*, back pay, front pay, fear and stress from worry about how he will be able to support his family, depression, humiliation, embarrassment, a loss of income and a planned career with Defendant which he planned to continue with until retirement and loss of friendships he enjoyed with co- workers.

53. Plaintiff is entitled to an award of punitive damages because Defendant's conduct was done with an evil intent to punish him for notifying Defendant of his reasonable belief that Arizona statutes were being violated, and also done with reckless disregard with respect to compliance with the Arizona Employment Protection Act.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests a trial by jury on all questions of fact raised by his complaint, pursuant to the U.S. Constitution Seventh Amendment, Federal Rules of Civil Procedure Rule 38 (a,b) and 29 U.S.C. §626 (c)2.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing, Plaintiff respectfully requests that this Court:

a. Issue a judgment against Defendants for its violation of Plaintiff's rights under the American with Disabilities Act of 1990, as amended.

b. Issue a judgment against Defendants for its violation of A.R.S. §23-1501(a)(3)(c)(ii) and A.R.S. §23-1501(a)(3)(c)(iii).

c. Order Defendant to make Plaintiff whole by providing appropriate backpay and lost benefits with prejudgment interest, in amounts to be determined at trial.

d. Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the paragraphs above, including but not limited to relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial.

e. Order Defendant to make Plaintiff whole by providing compensation for past and future nonpecuniary losses resulting from unlawful employment practices described in the paragraphs above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of credit standing, and stress, in amounts to be determined at trial.

f. Order Defendant to pay Plaintiff, punitive damages for its malicious or reckless conduct described in the paragraphs above, in amounts to be determined at trial.

g. Issue a judgment against Defendant awarding Plaintiff his reasonable costs and attorney fees pursuant to 29 U.S.C. §626(b), 42 U.S.C. §2000e, A.R.S. §§§12-341, l2-332(A), 12-341.01.

h.      Issue a judgment against Defendant awarding Plaintiff all other relief that is just and proper under the circumstances.

Respectfully submitted this 21st day of May, 2019

                                      ROBINSON MUELLER, PLLC

                                      By:   /s/ *Krista Robinson*

                                          Krista S. Robinson, Esq.,
                                          Joel M. Mueller, Esq.
                                          202 E. Earll Drive, Suite 490
                                          Phoenix, Arizona 85012
                                          *Attorneys for Plaintiff*

ROBINSON MUELLER, PLLC
202 E. Earll Drive., Suite 490
Phoenix, Arizona 85012
(602) 885-2627

**CERTIFICATE OF FILING**

I hereby certify that on May 21, 2019, I electronically transmitted the foregoing document to the Clerk of Court using the CM/ECF System for filing. I also certify that a copy of the Complaint will be provided to the Judge when designated.

By: /s/ *Krista Robinson*